FRANK SMITH v. STATE.

No. A-6509. Opinion Filed May 18, 1929.
(277 Pac. 604.)

See, also, 40 Okla. Cr. 366, 269 Pac. 376.

Clay Snodgrass, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted in the county court of

Jackson county of selling intoxicating liquor, and sentenced to pay a fine of $100 and cost, and to be imprisoned in the county jail for 30 days. Motion for new trial was filed and overruled, and the defendant has appealed to this court.

The state produced O. L. Willis, who in substance testified that he met the defendant, Frank Smith, in Altus, but did not know exactly what place he met him; defendant gave him a note which had been disposed of by him, reading in substance: "Let this man have this or that." He did not know the defendant; he was working for F. O. Goen, and that he, James May, F. O. Goen, and Clifford Stewart started to work one morning and drove by a place which he thought was defendant's place, and he got out and went to the house and knocked on the door, and a lady came to the door and he delivered the note and got a half gallon of whisky; he did not know who the lady was, but said she kind o' resembled the wife of the defendant. The other parties with him did not know where he got the whisky and did not see the party from whom he got the whisky; they had all paid Willis for their pro rata share, which Willis claimed was $5; all the parties with Willis got drunk and were arrested and placed in jail. The witness Willis admits he was promised immunity from prosecution, and that his car in which he was riding when arrested was not confiscated. The testimony further shows that the witness Willis had a very poor memory; that he did not recollect distinctly what occurred excepting he claims the defendant in Altus gave him a note not addressed to any one or signed by any one; that he took this note and drove out in the country to a house, and knocked on the door, and delivered the note to a lady, and received a half-gallon of whisky. He does not know who the lady was, but she resembled the wife of the defendant. None

of the parties with the witness Willis claim to have seen the defendant anywhere about the place, and in fact there is no contention that the defendant was at home or had any communication with his wife, if the place where the witness claims he got the whisky was defendant's home.

The defendant as a witness in his own behalf testified he lived six miles south and two and three-fourths miles east of Altus; he had never gone to school a day in his life; he had no recollection of ever having seen the witness Willis and did not know him; he did not give him a note of any kind. On cross-examination the witness restated that he could write his name; he said he was probably in Altus the day alleged; he could not say definitely, as he went to town almost every day; when he left home the morning of the alleged offense his wife and children were at home. He was then asked if he had offered to lend George Thrush some whisky, and the witness admitted that he had at one time; that he did not think it was on March 31, 1926, the date of this alleged offense; that on this date George Thrush did come and ask him if he had any whisky, and he did not say he would lend Thrush a half gallon. The defendant admitted he had a little whisky at the house for his own use, but denies he had anything to do with selling any whisky, or sending a note by the witness Willis to any one to let Willis have any whisky.

Mrs. Frank Smith, called as a witness for the defendant, stated the witness Willis had never delivered her a note of any kind and that she had not delivered him any whisky; that she taught her husband to write his name after they were married; that her husband had had some whisky; had been using it as he had been having trouble with rheumatism. On cross-examination the witness, the wife of the defendant, was asked if she and Frank had

not had some little trouble a while ago, and answered, "I don't consider that ought to come up in this." She was then asked if she had not stated to the county attorney that the defendant had a half gallon of whisky out there at one time, and the witness said he had had some whisky at the house and that her husband had taken a drink. "I did not see any car come up in front of my house; if any one came to the house I did not know it. There are cars passing all the time."

T. J. Burlington testified for the defendant that he had never seen the defendant do any writing but sign his name and the witness often filled out checks for him to sign.

O. L. Willis was recalled and stated that he could not swear he saw the defendant write the note he claims was delivered to him; that he did not remember whether he stated the defendant wrote the note; but defendant gave him the note. This is all the testimony necessary to be set out.

At the close of the testimony the defendant interposed a demurrer on the ground that the testimony was insufficient to warrant a conviction, which demurrer was overruled, and the defendant duly excepted.

The information in this case is sufficient to put defendant on trial for the sale of intoxicating liquors. After a careful consideration of the entire record, there is no testimony whatever which tends in any way to corroborate the prosecuting witness, who is shown to have accepted money from the other parties with him for an interest in the whisky he claims he bought. It is not deemed necessary to further discuss the case. If the defendant is guilty, he should be proven guilty by legal and competent testimony, and not by the uncorroborated testimony of an ac-

complice who admits he was testifying and charging this defendant with the sale of the whisky in order that his new Chevrolet car would not be confiscated.

The testimony shows that the defendant does not write, only signs his name; but there is no testimony corroborating the prosecuting witness showing that he received the note from this defendant. His own testimony is uncertain and indefinite as to the note and the place they got the whisky, and the party from whom they got it. There is no sufficient testimony to sustain the judgment. The demurrer of the defendant to the evidence was well taken and should have been sustained.

The testimony being insufficient to sustain the judgment, the case is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.