## FANNIE WHITE v. STATE.

No. A.-6515.    Opinion Filed May 25, 1929.
Rehearing Denied June 15, 1929.
(277 Pac. 946.)

276

John L. Ward and L. O. Todd, for plaintiff in error.

Byron Kirkpatrick, Co. Atty., M. P. Howser, Asst. Co. Atty., and W. L. Coffey, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted of having possession of intoxicating liquor, and her punishment fixed at a fine of $200 and costs, taxed at $47.60, and confinement in the county jail for a period of three months.

Upon application for search warrant by the affidavit of J. H. Smitherman, a search warrant was duly issued, and the officers conducting the search found a gallon of whisky and 59 gallons of Choctaw beer in the frame house in the rear of 1421 North Lansing street in the city of Tulsa, which premises were the premises described in the affidavit and search warrant. The defendant was living in a house adjoining the house searched and gave the officers the key to the house searched, which house was owned by the defendant. The officers arrested the defendant, she was convicted of having possession of the intoxicating liquor, and now prosecutes her appeal to this court.

The first assignment of error questions the sufficiency of the affidavit for search warrant. The defendant contends that the facts as stated in the affidavit could not have been known by the affiant and contests the accuracy of said affidavit.

This court has recently passed upon this precise question in the case of Frank Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785, in which case this court laid down the rule that:

"Where the affidavit and search warrant are sufficient on their face, the evidence obtained by the search is admissible, and the court will not permit the accused, after the warrant has been executed, to show that the statements in the affidavit are not true, or to raise any question as to the accuracy or source of the affiant's information or the means by which it was obtained."

The defendant contends next that the description of the premises to be searched was insufficient. In the case of Mitchell v. State, 43 Okla. Cr. 163, 277 Pac. 260, this court held:

"The description of the premises to be searched is sufficient, if it enable the officers executing the search warrant to locate the premises to be searched without the aid of any other information save that contained in the search warrant."

It is a sufficient answer to this objection to say that the officers executing the warrant located the premises to be searched alone from the information contained in the search warrant, and that is all that is required. The affidavit for the search warrant being sufficient, the evidence obtained by the search was properly admitted.

The defendant complains that the search warrant was addressed to R. D. Sanford, sheriff, and was not served by

said Sanford or by any person called his assistants. The search warrant may be served by the sheriff or any of his deputies. The case-made does not contain the return of the search warrant. The presumption of law being that the officer to whom the writ was directed performed his official duty, this court cannot consider the objection.

The evidence being sufficient to support the verdict, and the errors of law being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.