## BAILEY OVERSTREET v. STATE.

No. A-6973. Opinion Filed Dec. 21, 1929.
Rehearing Denied Jan. 28, 1930.
(283 Pac. 1032.)

Sigler & Jackson, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Carter county on a charge of having possession of intoxicating liquor, and his punishment fixed at a fine of $50 and to be confined in the county jail for 30 days.

The defendant first complains that the description of the premises was insufficient to authorize the search of the premises. The description is as follows:

"First house south of Ball Park at southwest corner of park in a certain building described as follows, one-story frame building used as a residence in Ardmore, Carter County."

In the case of Mitchell v. State, 43 Okla. Cr. 63, 277 Pac. 260, this court said:

"The description of the premises to be searched is sufficient, if it enable the officers executing the search warrant to locate the premises to be searched without the aid of any other information save that contained in the search warrant."

It frequently happens that buildings on the edge of the city are so located that it is impossible to give the lot and block number or the exact location of the property. The description is sufficient if it enables the officer to locate the premises from the information contained in the warrant itself.

The defendant next contends that the court erred in permitting the state to introduce evidence of the reputation of the premises without first showing that the premises are a place of public resort. The record does not support this contention of the defendant. When the state started to introduce its evidence, the defendant made the usual objection that the affidavit and warrant were insufficient. The trial court thereupon excused the jury and

properly heard the objections to the sufficiency of the affidavit and warrant. At that hearing certain state witnesses did testify before the court as to the reputation of the place. After the objections had been overruled, the jury was returned to the court-room, and the state offered no evidence to the jury concerning the reputation of the place.

The evidence of the state was that they went to defendant's home to make the search. The defendant was not there, and there was some delay on the part of his wife in opening the door. During the delay, corn whisky ran out of the drainpipe from the sink, and some of it was caught by the officers. The evidence of the state further showed that when they got in the house they found a half-gallon jar with some whisky in it and several other jars and containers with a small amount of whisky in them and others having a strong smell of liquor. The defendant did not take the stand, and offered no evidence upon the charge.

There was sufficient evidence before the jury to justify the returning of the verdict of guilty.

The cause is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.