## J. J. DOYLE v. STATE.

No. A-7539. Opinion Filed Jan. 17, 1931.
(295 Pac. 237.)

M. D. Hartsell, for plaintiff in error.

The Attorney General for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Pottawatomie county of the crime of unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $100 and imprisonment in the county jail for one month.

The evidence of the state was that the officers had a search warrant and on searching the premises they found about a gallon of whisky, 12 gallons of home-brew beer, a large number of empty beer bottles, and several empty whisky bottles in defendant's residence, which was a six-room bungalow at No. 126 South Minnesota.

The defendant filed a motion to suppress the evidence, alleging, among other grounds, that the description in the affidavit and search warrant was insufficient to authorize a search of the premises.

This description is wholly insufficient as failing to state the name of the town in which the premises were located.   The officers could not tell from this description in what particular town in Pottawatomie county 126 South

Minnesota was located. Under this description the officers might have searched that number in one or more of the numerous towns in Pottawatomie county.

This court has repeatedly held that the description in the affidavit and search warrant must be such that the officers, without the aid of any other information than that contained in the search warrant, could locate the premises to be searched. White v. State, 43 Okla. Cr. 275, 277 Pac. 946; Overstreet v. State, 46 Okla. Cr. 68, 283 Pac. 1032; Smithson v. State, 48 Okla. Cr. 204, 290 Pac. 568.

The description in the search warrant being insufficient to authorize a search of defendant's premises, the trial court erred in overruling defendant's motion to suppress the evidence and in admitting the same.

There being no legal evidence in the record to support the verdict of the jury, the cause must be reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.