## JOHN WOODS v. STATE.

No. A-7922.   Opinion Filed June 6, 1931.
(300 Pac. 322.)

R. N. Linville, for plaintiff in error.

The Attorney General, for the State.

PER CURIAM.   Plaintiff in error was convicted in the county court of Beckham county of the crime of unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $500 and imprisonment in the county jail for 180 days.

The defendant filed a motion to suppress the evidence because the description in the search warrant was insufficient to authorize a search of the premises.

The description in the search warrant was "Lot——, Block 5 of the Robinson Addition to the City of Elk City, Beckham County, State of Oklahoma." The evidence was that there were several houses in that block, three of which belonged to Felix Woods; that a room in the third house from the corner was occupied by the defendant. The officers testified that they found the place where defendant lived, not by the description in the warrant, but because they knew where he lived.

This court has said that the description of the premises must be sufficient to enable the officers, without the aid of any information whatever than that contained in

the warrant itself, to locate the premises. Section 7012, C. O. S. 1921; Hughes v. State, 49 Okla. Cr. 236, 293 Pac. 1108; White v. State, 43 Okla. Cr. 275, 277 Pac. 946; Overstreet v. State, 46 Okla. Cr. 268, 283 Pac. 1032; Smithson v. State, 48 Okla. Cr. 204, 290 Pac. 568.

There is no excuse for officers obtaining search warrants upon affidavits with such indefinite description. Before a person makes an affidavit he should ascertain as near as may be the correct description of the premises, and such description should be written in the affidavit and in the warrant.

There being no evidence in the case except that obtained by the unlawful search of defendant's premises, the cause is reversed.