[No. 10872.   Department Two.   October 2, 1913.]

# G. A. C. ROCHESTER, as *Administrator etc., Respondent*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant.*[1]

APPEAL—DECISIONS APPEALABLE—JUDGMENT ON MANDATE.   The general rule is that no appeal lies from a judgment entered by the trial court in accordance with a mandate from the appellate court.

APPEAL—REVIEW—ORDER GRANTING NEW TRIAL—QUESTIONS CONSIDERED—SECOND APPEAL.   Where a new trial is expressly granted upon one specific ground, after considering and denying all the other grounds of the motion, and the adverse party appeals, the respondent may, to sustain the order, urge all the grounds covered in his motion below; hence he cannot take a second appeal, after reversal of the order and remand for judgment on the verdict.

APPEAL — DECISIONS APPEALABLE — SECOND APPEAL — PRACTICE—CHANGE IN PRACTICE.   Upon overruling the practice of requiring the respondent, on appeal from an order granting a new trial on one express ground, to take a second appeal to review error in denying his motion on other grounds, such second appeal will not be denied to a party who had followed the practice as established by the supreme court.

DEATH—WRONGFUL DEATH—DAMAGES— ELEMENTS — EXPECTATION OF INHERITANCE—INSTRUCTIONS.   In an action for the wrongful death of a father, brought on behalf of a minor son, an instruction that the jury may consider not only the father's habits and mental qualifications and "capacity for accumulating property," but any pecuniary loss by reason of loss of care, society, training, etc., is not objectionable as submitting as an element of damage the son's expectation of inheritance; since, in connection with the context, the inapt clause quoted goes no further than to submit the pecuniary value of the father's life to the boy.

DEATH—WRONGFUL DEATH—EXCESSIVE DAMAGES.   A verdict for $17,500 for the death of a father, in an action on behalf of a minor son, held excessive unless reduced to $12,000.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 29, 1912, upon the verdict of a jury rendered in favor of the plaintiff for $17,500, for

[1] Reported in 135 Pac 209.

wrongful death resulting from a collision on a street railway line. Reversed, unless $5,500 is remitted.

*Scott Calhoun,* for appellant.

*Peters & Powell,* for respondent.

MAIN, J.—This action was brought by G. A. C. Rochester, as administrator of the estate of W. C. Bell, deceased, for the purpose of recovering damages for the death of the deceased caused by the wrongful act of the defendant.

On April 30, 1910, W. C. Bell was killed in a collision which occurred on the street railway line owned by the defendant. Thereafter the plaintiff brought this action to recover damages for the benefit of the wife of the deceased, and also for a minor son, W. Con Bell. Before the time of the trial, the wife died, and the action was prosecuted for the benefit of the son only. Upon the trial, the negligence of the defendant was admitted. The only question submitted to the jury was the amount of damages which should be awarded. The jury returned a verdict in the sum of $17,500. The defendant thereafter made and filed its motion for a new trial based upon all the statutory grounds. The trial court, upon consideration of the motion, concluded that error had been committed in not limiting the amount of recovery to such damages as the surviving son would suffer prior to his majority, and thereupon granted the motion. The order granting the new trial shows that the court considered all of the grounds stated in the motion, and overruled and denied all of them except the one above stated. From this order, the plaintiff appealed, and this court held that the instruction which the trial court believed to be erroneous and on account of which it granted the motion was correct, and reversed the order granting a new trial and directed the superior court to enter a judgment upon the verdict. That decision is reported in 67 Wash. 545, 122 Pac. 23, 39 L. R. A. (N. S.) 1156. On April 29, 1912, the trial court, in conformity with the direction of this court, entered a judgment on the verdict in favor of the plaintiff

for $17,500. From that judgment, the present appeal is prosecuted.

The respondent moves the court to dismiss this appeal for the reason that the judgment appealed from was entered by the superior court in obedience to the judgment or order of this court.

The general rule is that no appeal will lie from a judgment entered by the trial or subordinate court in accordance with a mandate or direction from the appellate or reviewing court. 2 Cyc. 608; *Krantz v. Rio Grande W. R. Co.*, 13 Utah 1, 43 Pac. 623, 32 L. R. A. 828; *Heinlen v. Beans*, 73 Cal. 240, 14 Pac. 855; *Albin v. Seattle Elec. Co.*, 46 Wash. 420, 90 Pac. 435; *State v. Boyce*, 25 Wash. 422, 65 Pac. 763; *Apex Transp. Co. v. Garbade*, 32 Ore. 582, 52 Pac. 573, 54 Pac. 367, 882, 62 L. R. A. 513; *Ex parte Dubuque & P. R.*, 1 Wall. 69; *Gaines v. Rugg*, 148 U. S. 228; *Kimpton v. Jubilee Placer Min. Co.*, 22 Mont. 107, 55 Pac. 918.

In *Krantz v. Rio Grande W. R. Co.*, *supra*, it is said:

"All the alleged errors now complained of occurred during the proceedings of the trial court before the motion for a new trial was heard, and there is no question made as to any errors having been committed in the proceedings subsequent to the mandate. Nor are we asked to review such proceedings. It is evident that this is an attempt to have another review of the rights of the parties on the same record which was reviewed on the former appeal, when it was held that the plaintiff had the right to recover. Under such circumstances, an appeal from a judgment entered by an inferior court in pursuance of a mandate of the appellate court cannot be sustained; and this rule is not only in accordance with authority, but is founded on reason and justice, for if successive appeals were allowed on the same state of the record, there would be no end to litigation and appeals, and the courts themselves could be turned into instruments of injustice by an obstinate litigant."

In cases where the subordinate or trial court upon motion has entered an order granting a new trial upon a specific ground and an appeal follows, the great weight of authority

is that the party in whose favor the order was entered may, upon appeal therefrom by the adverse party, urge any ground in support of the order which was covered by the motion, and that the appellate or reviewing court, even though it be of the opinion that the order cannot be sustained upon the specific ground stated or reason given by the trial court, will not reverse the order if it can be sustained upon any legal ground. 2 Ency. Plead. & Prac., 373; *Nally v. Mc-Donald,* 77 Cal. 284, 19 Pac. 418; *Sherwood v. Kyle,* 125 Cal. 652, 58 Pac. 270; *Kauffman v. Maier,* 94 Cal. 269, 29 Pac. 481, 18 L. R. A. 124; *Hewitt v. Steele,* 118 Mo. 463, 24 S. W. 440; *Shanklin v. Hall,* 100 Cal. 26, 34 Pac. 636; *Morrow v. St. Paul City R. Co.,* 65 Minn. 382, 67 N. W. 1002; *Lovell v. Davis,* 52 Mo. App. 342; *Ittner v. Hughes,* 133 Mo. 679, 34 S. W. 1110. The principle which runs through all of these cases is that, where the trial court grants a motion for a new trial upon a specific ground, and there is an appeal therefrom, the reviewing court may consider all the grounds of the motion in determining the correctness of the ruling. This principle appears to us to be not only sound in reason but just in its practical operation. If the appellate court is limited in passing upon an appeal from an order granting a new trial to the ground stated in the order, and it should believe that ground untenable, then the order must be reversed, and after the trial court has entered a judgment of reversal, a second appeal may follow to determine whether the other grounds of the motion may not be well taken. This entails upon litigants unnecessary expense and delay, and in some cases would work serious injustice. The cause upon the second appeal would be before the appellate court upon identically the same record as upon the first. From no just point of view can a rule of practice which unnecessarily prolongs the litigation and increases the expense thereof be upheld. So far as we are informed, there are no authorities out of harmony with the rule above stated, except the previous holdings of this court. In the

cases of *Gray v. Washington Water Power Co.*, 27 Wash.
713, 68 Pac. 360; *Id.*, 30 Wash. 154, 70 Pac. 255; *Lawrence
v. Pederson*, 34 Wash. 1, 74 Pac. 1011; *Allen v. Northern
Pac. R. Co.*, 35 Wash. 221, 77 Pac. 204, 66 L. R. A. 804;
and *Armstrong v. Musser Lumber & Mfg. Co.*, 43 Wash.
584, 86 Pac. 944, it has been held that where the motion for
new trial was granted upon a specific ground, that this
court upon an appeal would consider only the ground stated
by the trial court for its ruling, and would not consider the
other grounds covered by the motion.    These decisions are,
in our opinion, supported neither by good reason nor author-
ity, and are therefore expressly overruled.    The correct rule
of practice is now announced to be that, where, upon the con-
sideration of a motion for new trial, the trial court enters an
order granting the motion upon a specific ground or for a
specific reason stated, and the adverse party appeals, the
party seeking to sustain the order may urge in this court
all the grounds which were covered by his motion, and is not
limited to the specific ground or reason upon which the trial
court based the order.    A second appeal will not be enter-
tained.    However, to apply this rule to the present case
would be unjust, since the practice here followed is in ac-
cordance with the previous holdings of this court.    We will
therefore consider this case upon its merits.

Error is assigned in that the trial court gave to the jury
the following instruction:

"In estimating the value, the money or pecuniary value of
the father's life to this boy, you can consider not only, not
alone, the father's habits in life, and mental qualifications
and capacity for accumulating property or earning, but you
also have a right to consider any pecuniary loss, if this boy
has sustained any such, which the evidence may show he has
sustained by a preponderance of the evidence by reason of the
loss of the care or society, training, guidance and counsel of
this father, which, as I have instructed you, he had a right
to expect."

It is argued that this instruction submitted to the jury as an element of damages that would be sustained, the son's expectation of inheritance. The rule is that inheritance expectancy, in cases of this kind, is not a legal element of loss to the child. In *Wiest v. Electric Traction Co.*, 200 Pa. 148, 49 Atl. 891, 58 L. R. A. 666, it is said:

"An expectation of inheritance is not properly one of the elements of loss to children in a case of this kind, [damages for death caused by wrongful act] and should not be allowed to enter into the question, in any way whatever."

The instruction complained of does not violate this rule. It goes no further than to submit to the jury the pecuniary value of the father's life to the boy, which is the recognized correct rule. The clause in the instruction "capacity for accumulating property" is not apt, but when read in connection with the context, it seems plain that the jury could not have understood that they were to consider the expectation of inheritance as an element of damage.

It is finally urged that the verdict is excessive. From a review of the entire record, we think that this contention is well founded. For this reason, however, the judgment should not be reversed in the first instance. It is therefore ordered that, if within thirty days after the going down of the remittitur, the respondent shall in writing filed in the cause elect to accept a judgment for $12,000, and remit the excess above this amount, the judgment be affirmed; otherwise, it will be reversed and a new trial ordered.

CROW, C. J., ELLIS, FULLERTON, and MORRIS, JJ., concur.