[No. 21312. Department One. October 3, 1928.]

THE STATE OF WASHINGTON, *Appellant,* v. FRITZ STUDER, *Respondent.*[1]

*Austin M. Wade* and *A. P. Wilson,* for appellant.

*O. M. Nelson,* for respondent.

TOLMAN, J.—The respondent, Studer, was convicted in justice court of the offense of having in his possession intoxicating liquor with intent to sell. From that conviction he appealed to the superior court for Grays Harbor county. After the superior court obtained jurisdiction, he there filed a petition to suppress certain evidence obtained through the search of his premises under and by virtue of a search warrant which was claimed to be fatally defective. A hearing was had upon this petition resulting in an order as follows:

"This matter coming on regularly to be heard upon petition of defendant to suppress the evidence obtained by the sheriff of said county upon his search of the premises and buildings occupied by the defendant, which said evidence is set forth on the return made

[1]Reported in 270 Pac. 430.

by the said sheriff upon the original search warrant of record in said cause, and the court having heard the evidence thereon and having viewed the location in company with the deputy prosecuting attorney and being fully advised in the premises;

"Now, therefore, it is ordered that all the evidence obtained by the said sheriff in searching the buildings and premises of the defendant on or about the 29th day of October, 1927, in Section 28, Township 18 North, Range 8 West, W. M., said evidence being more particularly described as '4 bottles of home brew beer, ½ gallon of moonshine whiskey,' be and the same is hereby suppressed as evidence in said cause, and all evidence of said seizure is hereby suppressed. To which ruling, order and decision the plaintiff excepts and reserves the question for the supreme court.

"Done in open court this 3rd day of December, 1927."

Thereupon, without bringing the action on for trial or taking any other steps, the prosecutor served and filed a notice of appeal as follows:

"To the defendant, Fritz Studer and to Mr. O. M. Nelson, your attorney of record each of you.

"You are hereby notified that the state appeals from the order entered herein by the Hon. Geo. D. Abel, judge of the said court on the 3rd day of Dec. 1927, granting the petition of the defendant to suppress the evidence taken by the sheriff of Grays Harbor county on a search and seizure of the residence and premises of the defendant on or about 29th day of October, 1927, the same being intoxicating liquor, and all evidence of the said seizure, which order in effect abates and determines the said action otherwise than by an acquittal of the defendants by a jury, there being insufficient evidence to go to trial on after suppressing the evidence of the officers and the liquor taken on the search. This motion is supported by the subjoined affidavit."

The state seems to assume that it has the right of appeal by virtue of the Act of 1925, Ex. Ses., p. 423, being § 7, ch. 150 of the Laws of 1925, which reads:

"Sec. 7. That Chapter XVIII, Title XIII, of Remington's Compiled Statutes be amended by adding thereto a new section to be known as Section 2183-1, and to read as follows:

"Section 2183-1. The state may have a right of appeal to the supreme court, upon giving the same notice as is required of other parties, when the error complained of is based on the following: (1) The setting aside of an indictment or information; (2) The sustaining of a demurrer to an indictment or information; (3) An order arresting judgment on any grounds; (4) An order granting to any one, convicted by a jury, a new trial on any grounds; (5) Any order which in effect abates or determines the action, or discontinues the same, otherwise than by an acquittal of the defendant by a jury: Provided, That in no case shall the state have a right to an appeal where the defendant has been acquitted by a jury." (Rem. 1927 Sup. § 2183-1.)

The respondent has not in any manner questioned the state's right of appeal, and has contented himself with arguing the merits. This court, however, of its own motion, feels compelled to raise and examine the question of whether or no the state may, in a criminal case, prosecute an appeal from an order suppressing evidence. It appears to us that subdivision (5) of the statute quoted presupposes that it must appear by the record that the order complained of in effect abates or determines the action or discontinues the same. Here, there is nothing in the record to indicate that the order suppressing this particular evidence has any such effect, save only as the notice of appeal indicates that it is the opinion of the prosecuting attorney that he cannot succeed in obtaining a conviction in the absence of the evidence which has been suppressed.

This we think will not do. The effect of such evidence, or the effect of the lack of it, might be something

upon which the minds of reasonable men might well differ. One prosecutor might feel justified in proceeding with the trial without the suppressed evidence; another might be doubtful; and another might be convinced that to so proceed would be useless. The result would be that, whether or not an appeal would lie would have to be determined wholly from the mental attitude of the prosecutor in each particular case, which would lead to utter confusion.

Moreover, and still more important, the suppression of evidence prior to the trial is the equivalent of the rejection of evidence offered at the trial. It has absolutely the same effect upon the case to be tried, and as there are cases in which the motion to suppress may be made during the course of the trial (*State v. Dersiy*, 121 Wash. 455, 209 Pac. 837), to recognize a right of appeal in this case would warrant the same right in cases where the motion was made during the trial. As we have said, the effect of this order has precisely the same result as a ruling rejecting offered evidence at the trial, and to here recognize a right of appeal would be apparently to justify every prosecutor in carrying with him into the trial of a criminal case a prepared notice of appeal based on a claim of erroneous ruling on offered testimony; and when, in the course of the trial an adverse ruling occurred, the prosecutor could immediately oust the trial court of its jurisdiction of the case by serving and filing his notice of appeal, come to this court for a ruling upon that question, and if successful, as a matter of course, return to the superior court, empanel a new jury and proceed with a new trial. We recognize that courts may rule erroneously on a motion to suppress evidence. They may also rule erroneously in rejecting offered evidence. The hardship upon the state is the same in one case as in the other, and we see nothing

214

in the act of 1925 which warrants an appeal by the state from any such ruling.

The appeal in this case is dismissed.

MITCHELL, BEALS, and HOLCOMB, JJ., concur.

FULLERTON, C. J. (concurring)—For the reasons stated in the last paragraph of the opinion of the majority, I dissent. No appeal lies in this cause. I therefore concur in the order of dismissal.