[No. 1123-2.    Division Two.    October 26, 1973.]

THE STATE OF WASHINGTON, *Appellant*, v. GARY L. ROOK
et al., *Respondents*.

*Ronald L. Hendry, Prosecuting Attorney*, and *Joseph D. Mladinov, Special Counsel*, for appellant.

*James S. Witt, III* (of *Allotta, Witt, Witt & Vlosich*), for respondents.

PETRIE, J.—This is an appeal by the State of Washington from a pretrial order granting the defendants' motion to suppress evidence obtained as a result of an alleged unlawful search. The defendants have moved to dismiss the appeal, contending that this court lacks jurisdiction to entertain the appeal.

The sole question presented by this appeal is whether or not the state has a right to appeal an order suppressing evidence in a criminal case under CAROA 14(8) subdivision (5) when the prosecutor believes that he cannot obtain a conviction without using the suppressed evidence. That rule provides in part:

> An aggrieved party may appeal a cause over which the court of appeals has jurisdiction from any and every of following determinations, and no others, made by the

superior court, or the judge thereof, in any action or proceeding:

. . .

(8) In criminal cases the state may appeal, upon giving the same notice as is required of other parties, when the error complained of is based on the following: . . . (5) *Any order which in effect abates or determines the action, or discontinues the same,* otherwise than by a verdict or judgment of not guilty.

(Italics ours.)

The state contends that in this particular case the order suppressing the evidence obtained in the search is so extensive that it is left without any evidence to effectively prosecute these defendants. The state's contention is supported by an affidavit of two deputy prosecuting attorneys for Pierce County, declaring in part that there is "no evidence of any consequence in the case that was not obtained as a result" of the alleged unlawful search. Consequently, it is argued, the language of the rule is met and the state must be allowed to appeal from this suppression order. We disagree. Accordingly, the defendants' motion to dismiss the appeal is granted.

In *State v. Whitney,* 69 Wn.2d 256, 418 P.2d 143 (1966), the court granted certiorari to review a trial court's ruling as to the admissibility of certain evidence in a criminal prosecution. The court indicated such a grant was extraordinary, saying at page 260:

It is true that, as a general rule, we will not grant certiorari to review an interlocutory order such as that complained of here. . . . The reason for this rule is that cases should not be tried piecemeal; and questions arising during the course of the trial can, ordinarily, be reviewed on appeal. *But the state is not given the right to appeal from an order excluding evidence,* . . .

(Citation omitted. Italics ours.)

The rationale for such a conclusion is not difficult to discover. The essence of CAROA 14(8) subdivision (5), formerly embodied in RCW 10.73.020 (repealed by Laws of

1957, ch. 10, § 3), first appeared as statutory law in 1925.[1] Insofar as pertinent, the original statute is identical to the present CAROA 14(8) subdivision (5).

■ The very question before this court, the state's right to appeal a suppression order which, in the opinion of the prosecutor, left the state with no effective evidence, was considered in *State v. Studer*, 149 Wash. 210, 270 P. 430 (1928). The court there held, on its own motion, that the statute denied the court jurisdiction to entertain such an appeal. The court at page 212 determined that the statute "presupposes that it must appear by the record that the order complained of in effect abates or determines the action or discontinues the same." The court further declared that if the record did not indicate the action was determined, and thus appealable, the prosecutor could not, by affidavit, bring the appeal within the ambit of the statute by alleging a conviction would be impossible without the evidence suppressed. If the prosecuting attorney were allowed to bring an appeal within the statute merely by so alleging:

> The result would be that, whether or not an appeal would lie would have to be determined wholly from the mental attitude of the prosecutor in each particular case, which would lead to utter confusion.

*State v. Studer, supra* at 213.

Confusion would indeed result if this court's jurisdiction could be determined by an expression of opinion by a prosecuting attorney. A contrary opinion expressed by defense counsel (as was submitted in the case at bench) would require this court to fashion jurisdiction or lack thereof upon the resolution of a factual dispute based upon two

---

[1]Laws of 1925, 1st Ex. Sess., ch. 150, § 7 provided: "The state may have a right of appeal to the Supreme Court, upon giving the same notice as is required of other parties, when the error complained of is based on the following: . . . (5) Any order which in effect abates or determines the action, or discontinues the same, otherwise than by an acquittal of the defendant by a jury: *Provided,* That in no case shall the state have a right to an appeal where the defendant has been acquitted by a jury."

conflicting expert opinions, both of which were expressed prior to commencement of trial. Predicting the result of any legal action, in advance of trial, is an extremely fruitless preoccupation. Too many variables appear in the trial of any cause to predict with any certainty the ultimate outcome. At best, each expert opinion would have dubious value.

True, the ruling of the trial court may be in error. Nevertheless, in an appropriately emergent case, the state may seek appellate review through the writ process. *State v. Whitney, supra.* A writ of review has the advantage of being swift and flexible. The right of the state to appeal in criminal cases under CAROA 14(8) has been strictly construed. Until such time as a statute or rule is promulgated explicitly permitting the state to appeal from an order or ruling suppressing evidence in a criminal case, the right does not exist.

Appeal dismissed.

PEARSON, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied December 4, 1973.

Review denied by Supreme Court February 4, 1974.