[No. 43067.    En Banc.    July 3, 1974.]

THE STATE OF WASHINGTON, *Appellant*, v. HARRY LeROY, *Respondent*.

*Paul Klasen, Prosecuting Attorney,* for appellant.

*Collins & Hansen,* by *Nels Hansen,* for respondent (appointed counsel for appeal).

BRACHTENBACH, J.—Defendant was charged with posses-

sion of a controlled substance. After a hearing, the trial court entered an order suppressing the drugs seized from defendant's automobile, holding that this evidence was obtained through an unreasonable search and seizure in violation of the fourth and fourteenth amendments to the United States Constitution.

The State petitioned the Court of Appeals for an extraordinary writ and a stay of proceedings. After hearing the motion, the Court of Appeals denied the writ. The State then filed in the Court of Appeals a notice of appeal from the trial court's order to suppress. The case was then transferred to the Supreme Court.

The defendant has moved to dismiss the appeal for lack of jurisdiction, and on the ground that the time has expired for providing the defendant a speedy trial as required by CrR 3.3 and that therefore the matter is moot.

■ The parties agree that the State appeals pursuant to CAROA 14 (8) (5):

(8) In criminal cases the state may appeal . . . when the error complained of is based on the following: . . . (5) Any order which in effect abates or determines the action, or discontinues the same, otherwise than by a verdict or judgment of not guilty.

In the notice of appeal and in its brief, the State alleges its conclusion that the order of suppression in effect abates or determines the action or discontinues the same.

We agree with defendant that the appeal must be dismissed. In *State v. Studer*, 149 Wash. 210, 270 P. 430 (1928); the State attempted to appeal from an order suppressing evidence. It proceeded under a statute which contained the same language as the pertinent portion of CAROA 14. The court said at page 212:

Here, there is nothing in the record to indicate that the order suppressing this particular evidence has any such effect, save only as the notice of appeal indicates that it is the opinion of the prosecuting attorney that he cannot succeed in obtaining a conviction in the absence of the evidence which has been suppressed.

The court dismissed the appeal, setting out more fully the policy considerations for such interpretation.

*State v. Whitney,* 69 Wn.2d 256, 418 P.2d 143 (1966), confirmed the rule of *Studer* as to the right of the State to appeal, but granted review on certiorari for very compelling reasons. We made it clear, however, that such review is limited to cases involving truly unusual circumstances, none of which are present here.

In *State v. Rook,* 9 Wn. App. 826, 515 P.2d 830 (1973), the Court of Appeals, on facts virtually identical to those in the instant case, held that an appeal from an order suppressing evidence must be dismissed. We adopt that opinion as controlling here. As observed by Judge Petrie in *Rook* at page 828:

> Confusion would indeed result if this court's jurisdiction could be determined by an expression of opinion by a prosecuting attorney. A contrary opinion expressed by defense counsel (as was submitted in the case at bench) would require this court to fashion jurisdiction or lack thereof upon the resolution of a factual dispute based upon two conflicting expert opinions, both of which were expressed prior to commencement of trial.

In accordance with *State v. Whitney, supra,* the Court of Appeals did note that "in an appropriately emergent case, the state may seek appellate review through the writ process." *State v. Rook, supra* at 829. Here the State has sought review through the writ process; its petition was denied and it cannot have a second review via an appeal.

While the above holding disposes of the matter, we deem it advisable to comment on defendant's assertion that the case is moot because the defendant cannot be tried within the time limits of CrR 3.3. While CrR 3.3 does not specifically exclude the time on appeal from the computation of the time allowed for a speedy trial, it is apparent that it must be excluded. The superior court loses jurisdiction when a notice of appeal is filed. ROA I-15. *Tinsley v. Monson & Sons Cattle Co.,* 2 Wn. App. 675, 472 P.2d 546 (1970). While the appellate court might later determine

that the appeal did not lie, while the appeal was pending the appellate court has jurisdiction as provided in ROA I-15. Thus, while the matter is on appeal, the superior court cannot try a defendant and consequently the time limitations of CrR 3.3 cannot be invoked to demand trial while the appeal is pending.

The appeal is dismissed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, STAFFORD, and UTTER, JJ., concur.

WRIGHT, J. (concurring)—The trial court suppressed certain evidence on the ground that it had been obtained by an unconstitutional search and seizure.

The State petitioned the Court of Appeals for an extraordinary writ and a stay of proceedings. The Court of Appeals denied the writ. Thereupon, the State filed in the Court of Appeals a notice of appeal from the trial court's order to suppress. The case was then transferred to the Supreme Court.

CAROA 20 provides:

> No withdrawal of an appeal, and no dismissal which does not go to *the substance of or the right to the appeal,* shall preclude any party from taking another appeal in the same cause, within the time limited by these rules.

(Italics mine.) The identical rule is expressed in ROA I-20.

After the extraordinary writ had been dismissed by the Court of Appeals, the State could not thereafter proceed by direct appeal to relitigate issues which were or could have been argued during the former appeal. *See Rochester v. Seattle, Renton & S. Ry.,* 75 Wash. 559, 135 P. 209 (1913); *Tucker v. Brown,* 20 Wn.2d 740, 150 P.2d 604 (1944); *Larson v. Seattle,* 25 Wn.2d 291, 171 P.2d 212 (1946).

An exception to the above stated rule might exist if the extraordinary writ were dismissed upon the sole ground that appeal was the proper method of seeking review. The record herein, however, is wholly silent as to the reason

for dismissal of the extraordinary writ. We cannot and should not speculate as to why the writ was dismissed.

HAMILTON, J., concurs with WRIGHT, J.