[No. 43174.    En Banc.    March 13, 1975.]

THE STATE OF WASHINGTON, *Petitioner*, v. STEVEN E. CAMPBELL, *Respondent*.

*Christopher T. Bayley, Prosecuting Attorney*, and *Seaton M. Daly, Jr.*, and *Frederick L. Yeatts, Deputies*, for petitioner.

*Kenneth E. Kanev*, for respondent.

HUNTER, J.—On June 25, 1973, the defendant (respondent), Steven E. Campbell, was arrested and charged with a violation of the Uniform Controlled Substances Act involving the alleged unlawful and felonious possession of marijuana with intent to manufacture or deliver. Upon entering a plea of not guilty, the defendant moved to suppress all evidence seized from his apartment on the night of his arrest. On August 29, 1973, the above motion was argued before Judge Janice Niemi of the Superior Court for King County. Following the examination of witnesses and the arguments of counsel, the court granted the motion and suppressed all evidence confiscated by the police.

On September 20, 1973, the State filed a notice of appeal to the Court of Appeals, Division One. On February 22, 1974, the Court of Appeals, on its own motion, dismissed the appeal for want of jurisdiction. Thereupon, the State

filed a petition with this court for a writ of certiorari, which was granted on March 21, 1974.

The issue presented by this case is whether CAROA 14(8)(5) permits the State of Washington to appeal a pretrial order suppressing evidence in a criminal case when the evidence suppressed serves as the basis for the charge. The rule in question provides in part:

An aggrieved party may appeal a cause over which the court of appeals has jurisdiction from any and every of following determinations, and no others, made by the superior court, or the judge thereof, in any action or proceeding:

. . .

(8) In criminal cases the state may appeal, upon giving the same notice as is required of other parties, when the error complained of is based on the following: . . . (5) Any order which in effect abates or determines the action, or discontinues the same, otherwise than by a verdict or judgment of not guilty.

The defense contends that CAROA 14(8)(5) does not apply to orders suppressing evidence under any set of circumstances, and, therefore, that this court does not have jurisdiction to review the decision of the trial court in this case. In response, the State argues that the evidence seized, and subsequently suppressed, is so fundamental to establishing the crime charged, that without it the case is, in effect, "abated." Furthermore, the State contends that this was the effect intended by the trial judge, as witnessed by the conclusions of law and the actual language of the suppression order entered by the trial court. We agree with the State.

■■ The proper administration of justice in criminal matters requires a balancing of the defendant's constitutional rights with the interests of society in being protected from those who violate our criminal laws. In considering under which circumstances CAROA 14(8)(5) permits the State to appeal, a critical distinction must be drawn between a suppression order which, *in the mind of the State*, makes further prosecution unfeasible, and an order, which

*clearly on its face,* supported by the record, effectively abates or otherwise determines the action. The latter deals with the impartial opinion of the trial judge, while the former is predicated merely on the opinion of the State, to which the defense and the trial court might well differ. We do not deviate from our rule that jurisdiction cannot be fashioned upon the resolution of conflicting expert opinions. *State v. Leroy,* 84 Wn.2d 48, 523 P.2d 1185 (1974); *State v. Rook,* 9 Wn. App. 826, 515 P.2d 830 (1973). As these and other cases of this court point out, the State's sole remedy in such a situation is to file for a writ of certiorari. However, where the record substantiates that the trial court, by its order, actually made a decision "which in effect abates or determines the action, or discontinues the same," CAROA 14(8)(5) will permit a direct appeal by the State.

The distinction which we have drawn is not of recent origin. In *State v. Studer,* 149 Wash. 210, 270 P. 430 (1928), we interpreted the language of CAROA 14(8)(5) as it then existed in statutory form.[1] We stated on page 212:

> It appears to us that subdivision (5) of the statute quoted presupposes that *it must appear by the record* that the order complained of in effect abates or determines the action or discontinues the same.

(Italics ours.)

Applying our construction of CAROA 14(8)(5) to the instant case, we find that in the second conclusion of law, the trial court specifically found:

> That the seizure of the contraband therein *which serves as the basis for the charge in the cause* was obtained in violation of the provisions of the United States Constitution and Washington State Constitution against unreasonable searches and seizures.

(Italics ours.) Furthermore, Judge Niemi's suppression order again described the evidence as that "which forms

---

[1]Even though the statute in question was repealed by the legislature, Laws of 1957, ch. 10, § 3(14), and was replaced with CAROA 14(8)(5), the language of the prior statute contained substantially the same provisions as the rule, and consequently the right of the State to appeal has not been essentially altered.

the basis of the prosecution herein . . ." The intent of the trial court in this case is clear when one considers that the definition of "basis" is, "something on which anything is constructed or established . . . the basic principle: groundwork, footing . . ." *Webster's Third New International Dictionary* (1961). If there is no longer any basis for the charge, the charge cannot stand, and therefore it is no longer in existence. This was the effect of the suppression order in this case.

It is further argued by the defense that to allow the State to appeal from a suppression order would invade the defendant's constitutional right to a speedy trial. This is without merit. Since the superior court loses jurisdiction when a notice of appeal is filed, the granting of a limited right of appeal under CAROA 14(8)(5) to the State does not impair the defendant's guaranty to a speedy trial. *State v. Leroy, supra.*

Therefore, we hold that where it appears on the face of the record that the trial court, in evaluating the relationship between the evidence suppressed and the offense charged, determined, in effect, that the consequence of *its action* was to put an end to further prosecution, CAROA 14(8)(5) will permit an appeal. We reverse the decision of the Court of Appeals and remand this case to the Court of Appeals for consideration of this appeal on the merits.

STAFFORD, C.J., and FINLEY, ROSELLINI, HAMILTON, WRIGHT, UTTER, BRACHTENBACH and HOROWITZ, JJ., concur.