[No. 1157-43057-3.    Division Three.    April 11, 1975.]

THE STATE OF WASHINGTON, *Respondent*, V. SAMMY EDWARD PHILLIPS, *Appellant*.

*Richard L. Cease, Public Defender*, and *Richard W. Sanger, Assistant*, for appellant.

*Donald C. Brockett, Prosecuting Attorney*, and *Terence M. Ryan, Assistant*, for respondent.

GREEN, J.—Defendant, Sammy Edward Phillips, appeals from: (1) a judgment upon a guilty plea for possession of a

controlled substance; and (2) a jury verdict of guilty for delivery of a controlled substance.

Three issues are presented: (1) Did the trial court err in denying defendant's motion to dismiss for lack of prosecution pursuant to CrR 3.3? (2) Was it error to deny defendant's motion for new trial based upon alleged prejudicial comments by the prosecution? and (3) Did the court err in entering judgment and sentence upon defendant's plea of guilty to one count of possession?

Defendant was arrested May 31, 1973, for possession of a controlled substance. The day of defendant's preliminary appearance, June 1, was the setting day of the Spokane County Superior Court for the July jury term.[1] A second complaint, for delivery of a controlled substance, was filed June 22 and a preliminary appearance upon that charge was held on June 25. On that day, a hold was placed upon the defendant by the Washington State Board of Prison Terms and Paroles. On August 3, trial on both charges (four counts of possession and one count of delivery) was set for September 26. Defendant remained incarcerated pending trial.

On August 31, defendant, pursuant to CrR 3.3, moved to dismiss for lack of prosecution, which motion was denied on September 11. The trial court found, pursuant to CrR 1.3 that it was not feasible to bring the charges against the defendant to trial within the 60-day period because of the number of criminal cases then pending.

On defendant's motion, the four counts of possession were severed from the delivery count. Subsequently, defendant pleaded guilty to one of the possession charges and the others were dismissed. Trial on the delivery count remained set for September 26; defendant was actually tried October 2 and a verdict of guilty entered the following day.

First, defendant contends that the court erred in denying a motion to dismiss based upon CrR 3.3 because he was not

[1]There was no August jury term; however, the trial court in adjusting to CrR 3.3 added a jury term in June and July contrary to past practices.

"brought to trial within 60 days following the preliminary appearance." We find no error.

The basis of the trial court's denial of defendant's motion to dismiss is stated in its written decision:

> Plaintiff contends that there has been substantial compliance with the new rules in that the case was noted for trial at the first opportunity after the appearance. Although a criminal jury docket was set on June 1st for the month of July, this case did not make that setting.
>
> Defendant contends that the time limits expressed in the rules are mandatory and that if they were not met the case must be dismissed with prejudice. This does appear to be the intent of the rules, except, however, that attention is invited to Rule 1.3. This provides, in essence, that the rules also apply to proceedings then pending (on the effective date of the rules) except to the extent that in the opinion of the court the former procedures should continue in the interest of justice or because of the infeasibility of application of the procedures of these rules.
>
> At the effective date of the new rules, there were a number of of [*sic*] criminal cases pending. As a matter of feasibility, it would have been almost impossible to try these cases in July. This case has been set for trial in September.
>
> The motion to dismiss will be denied.

CrR 1.3(b) was wisely adopted by the Supreme Court to allow the court system to adjust to the new rules. It provides, in pertinent part:

> (b) These rules also apply to any proceedings in court then pending . . . , *except to the extent that in the opinion of the court, the former procedure should continue* to be made applicable in a particular case . . . *because of infeasibility of application of the procedures of these rules.*

(Italics ours.) Here, the trial judge determined that because of the number of cases pending it was not feasible to hear defendant's case until September 26.

The delay encountered by this defendant occurred at a time when the court system in Spokane County was in transition, attempting to adapt to the requirements of the new CrR 3.3. During this transitional period, the court's

docket was understandably congested. It was to meet this situation that the court was given discretion under CrR 1.3(b) to proceed notwithstanding the time requirements of other rules.

Defendant does not contend that his "constitutional" right to a speedy trial has been abridged but rather, an abridgment of the court's self-imposed 60-day rule has occurred. As the court recently said in *State v. Campbell*, 85 Wn.2d 199, 201, 532 P.2d 618 (1975):

> The proper administration of justice in criminal matters requires a balancing of the defendant's constitutional rights with the interests of society in being protected from those who violate our criminal laws.

Considering defendant's contention in light of the public's right to protection, the transitional period of the trial court's adjustment to the new rules and the trial judge's finding that it was not feasible to hear defendant's case prior to September 26, we hold the trial court did not abuse its discretion in denying the motion to dismiss based upon CrR 1.3(b).

We are not unmindful of *State v. Williams*, 85 Wn.2d 29, 530 P.2d 225 (1975), in which the trial court's denial of a motion to dismiss under CrR 3.3 was reversed. That case is distinguishable. In *Williams*, no explanation for the delay beyond the 60-day rule was offered. Referring to CrR 1.3(b), the court observed at pages 31-32:

> If the trial court delayed the setting of the appellant's case for one of these reasons [CrR 1.3(b)], the record does not show it. When the court exercises the discretion granted under these rules, it should make a record of its act and its reason, so that the matter can be subjected to appellate review if proper application is made.

and concluded:

> Since the rule was not complied with in this case and no justification for noncompliance has been shown, we conclude that the court was required to dismiss the action with prejudice.

In the instant case, the trial court explained its reasons in a written opinion, finding that it was not feasible to hear the

case sooner than it was set due to the number of pending criminal cases. The prosecution points out in its brief that 212 cases were set for trial in September; this figure, used in oral argument, was not denied by defense counsel. The overcrowded docket in this case reflects an attempt to comply with the new time limits of CrR 3.3. CrR 1.3(b) contemplates this precise situation and was properly applied in denying defendant's motion to dismiss.

■ Defendant also contends that the prosecution should have moved for a continuance under CrR 1.3(b) when it found that he could not be tried within 60 days and the failure to do so precluded the use of CrR 1.3(b). We disagree. In the present case, the abnormal congestion of the docket as recognized and noted by the trial court does not serve to make a prosecution motion for continuance "necessary" but, rather, a pro forma gesture that should not be determinative of the present issue. *State v. Williams, supra,* does not require the performance of a useless act.

■ Secondly, defendant contends a new trial should have been granted because of the following remarks by the prosecution on voir dire:

Would you have any problem deciding this case knowing that the state is, to quote an old phrase, letting a little fish go and catching a big fish? In other words, we're letting that unwitting accomplice go free, . . .

and further, in his closing argument:

I have asked you in voir dire questions whether or not some of you thought it was okay to let a little fish go to catch a big fish. Well, that's what this case is all about.

A prosecutor's improper conduct, even if totally unwarranted and clearly unprofessional, does not constitute grounds for reversal unless there is a substantial likelihood that it affected the jury's verdict and deprived the defendant of his right to a fair and impartial trial. *State v. Music,* 79 Wn.2d 699, 489 P.2d 159 (1971). The effect of such conduct must be viewed in the perspective of the entire record in order to determine if prejudicial error did or did

not result. A review of the instant record indicates no prejudice to defendant.

■ Additionally, defense counsel failed to object to these comments or request a curative instruction. This case being one where the possibility of prejudice from the foregoing remarks was minimal, counsel's failure to object is fatal to his present contention. *State v. Morris*, 70 Wn.2d 27, 422 P.2d 27 (1966); *State v. Basford*, 76 Wn.2d 522, 457 P.2d 1010 (1969).

Defendant's final contention is that the court erred in entering judgment and sentence upon his plea of guilty to one count of possession. We disagree. The record shows that on November 5, defendant pleaded guilty to one of the four possession counts in return for a dismissal of the remaining three. At the time of the hearing on defendant's plea, the court stated, in the presence of the defendant, that his plea would not be accepted if defendant assumed he could still preserve his right to appeal on the ground that he had been denied a speedy trial. The defendant stated he understood the court's position, pleaded guilty and signed the statement of defendant on plea of guilty acknowledging that he was advised:

(a) I have the right to have counsel (a lawyer), and that if I cannot afford to pay for counsel, one will be provided at no expense to me.
(b) I have the right to a trial by jury.
(c) I have the right to hear and question witnesses who testify against me.
(d) I have the right to have witnesses testify for me.
(e) The charge must be proven beyond a reasonable doubt.

In view of our holding on the first issue, it is unnecessary to determine this contention.

■ Nevertheless, we note that the statement signed by defendant advised him of the rights set forth in *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). A judgment and sentence entered upon such a plea in a criminal cause is final except as to collateral questions such as the validity of the statute violated, sufficiency of

the information, jurisdiction of the court and circumstances under which the plea is made. *State v. Saylors*, 70 Wn.2d 7, 422 P.2d 477 (1966). Defendant has not shown that the plea of guilty was induced by his failure to be brought to trial within 60 days. To the contrary, the defendant's predicament on November 5 was caused by his motion to sever the possession counts.

Defendant had the choice of proceeding with the trial on all possession counts, seeking a stay of proceedings in this court or the Supreme Court pending the outcome of this appeal when the Superior Court refused the requested stay, or pleading to the proffered count. Defendant knowingly, in the presence and ostensibly with the concurrence of counsel, chose the latter course.

Affirmed.

McINTURFF, C.J., and MUNSON, J., concur.

Petition for rehearing denied June 10, 1975.

Review denied by Supreme Court July 29, 1975.