THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
MICHAEL ZUZULOCK, DEFENDANT-APPELLANT.

Argued December 18, 1962—Decided February 18, 1963.

*Mr. Marvin D. Perskie* argued the cause for the appellant (*Messrs. Perskie and Perskie,* attorneys).

*Mr. John J. Bergin,* Assistant Attorney General, argued the cause for the respondent (*Mr. Arthur J. Sills,* Attorney General of New Jersey, and *Mr. Arthur W. Brinkmann,* Deputy Attorney General, attorneys).

The opinion of the court was delivered by

JACOBS, J.   The defendant appealed, with leave of the Appellate Division, from the dismissal of his motion to suppress evidence obtained pursuant to a search warrant.   We certified his appeal under *R. R.* 1:10–1(a).

Testimony taken pursuant to an order of the Appellate Division disclosed the following: The defendant is the operator of a bar and restaurant known as the Colonial House in Wildwood.   Acting in conjunction with the county prosecutor's office, Mr. John Saunders, a detective in the New Jersey State Police, conducted an extended investigation of the defendant's place of business to ascertain whether bookmaking was going on there.   He visited the premises on various occasions and while there he placed bets with the defendant.   He reported the results of his investigation to the prosecutor who in turn reported to the county judge.   On August 30, 1961, Mr. Saunders appeared before the county judge and applied for a search warrant.   He told the judge about the extent of his investigation and submitted an affidavit in support of his application.   The affidavit stated, in paragraph 1, that Mr. Saunders was an investigator for the New Jersey State Police, in paragraph 2, that he had good reason to believe that bookmaking in violation of *N. J. S.* 2A:112–3 was going on in the Colonial House restaurant located in Wildwood at Oak and New Jersey Avenues, and owned or controlled by the defendant Michael Zuzulock, and, in paragraph 3, that the facts tending to establish the grounds for the application and the probable cause were as follows: "individuals have been observed congregating at said premises, engaging in activities in violation of *N. J. S.* 2A:112–3; and further, that the said Michael Zuzulock is personally engaged in activities in violation of *N. J. S.* 2A:112–3."   The county judge issued the search warrant, the search was conducted, and evidence was obtained.

The defendant moved to suppress the evidence and his motion was argued before Judge Cafiero, who found the affidavit to be sufficient and dismissed the motion.   The judge

expressed the view that though the affidavit should certainly have been more explicit and more carefully drawn, it was not fatally defective. He took the position that it should be read to say what it undoubtedly was meant to say, namely, that Mr. Saunders had observed the defendant engaging in bookmaking activities at the Colonial House restaurant. There is no question that his personal observation while lawfully at the defendant's place of business, constituted probable cause for arrest and for issuance of the search warrant. See *State v. Smith*, 37 *N. J.* 481, 495 (1962); *Commonwealth v. Laudate,* —— *Mass.* ——, 186 *N. E. 2d* 598 (1962).

Unlike *State v. Macri*, 39 *N. J.* 250 (1963), the affidavit here was not confined to a statement of suspicion and belief without supporting facts or circumstances. Mr. Saunders deposed unequivocally that individuals had been observed congregating at the Colonial House restaurant and there engaging in activities in violation of *N. J. S.* 2A:112–3 and that the defendant is personally engaged in activities in violation of that statute. See *Wagner v. State,* 72 *Okl. Cr.* 393, 117 *P. 2d* 162, 165 (1941). It is true that he did not expressly state in first person terminology that, "I, John Saunders," have made the observations, but in this connection it is significant that the entire affidavit was in the third person rather than in the first person. The affidavit is to be read as a whole and in the light of the attendant circumstances which included the acknowledged fact that it was executed and submitted by a specially assigned enforcement officer who had been conducting an investigation of the defendant's premises over a considerable period of time.[1] As

---

[1] *Cf. Dean v. State*, 205 *Md.* 274, 107 *A. 2d* 88, 48 *A. L. R. 2d* 1096 (1954), where a sergeant of the Department of Police of Baltimore City, was engaged in an investigation of alleged violations of the lottery laws in that city and made application for a search warrant to a judge whose territorial jurisdiction consisted of Baltimore City. His affidavit submitted in support of the application referred to several street locations but neglected to say that they were in Baltimore City. The judge issued the warrant and his action was later subjected to attack. In upholding the issuance of the warrant, the Maryland Court of Appeals said:

thus read, the affidavit itself could readily be interpreted by the issuing judge, as it presumably was, to refer to personal observations by Mr. Saunders.

In *United States v. Ramirez,* 279 *F. 2d* 712 (2 *Cir.*), *cert.* denied 364 *U. S.* 850, 81 *S. Ct.* 95, 5 *L. Ed. 2d* 74 (1960), Ioanides was engaged by the Customs Bureau as a "special employee." He was an acquaintance of the defendant and while he was in the defendant's apartment he saw a white powder which was said to be heroin. Ioanides took a small amount of the powder and it was later analyzed and found to be heroin. Thereafter an application for search warrant was made to a United States Commissioner and, in support, a short affidavit by Ioanides was submitted stating that while he was in the defendant's apartment he had seen a white powder which he believed "to be narcotics." In rejecting the contention that the affidavit was insufficient, the Second Circuit had this to say:

"In the view of the District Court the defect in the affidavit was the failure to include therein a statement explaining affiant's belief that the white powder was narcotics. Clearly the officers accompanying Ioanides to the Commissioner's office should have revealed to the Commissioner by affidavit the results of the chemical analysis of the powder Ioanides brought from appellant's apartment. However, it

---

"The judge was clearly entitled to take judicial notice not only of the law with regard to the territorial jurisdiction of that Department but also that laws against lotteries and other forms of gambling are among those which it is the duty of that Department to enforce in Baltimore City. It seems to require no feat of deduction to arrive at the conclusion that the efforts of the police officers to obtain evidence of the violation of the lottery laws which were set forth in the application were being carried on in the city where their official duties were to be discharged, and that what they saw in the course of those efforts took place in that city and hence within the jurisdiction of the judge to whom the application was presented. We think that a judge may make use of matters within the field of judicial notice and of reasonable inferences in determining whether the statements contained in a written application for a search warrant are sufficient to make it appear to him that there is probable cause to believe that an offense is being committed within his territorial jurisdiction." 107 *A. 2d,* at *p.* 90; 48 *A. L. R. 2d,* at *p.* 1099.

is also clear that in order for a search warrant to be valid the supporting affidavits need not contain all the information possessed by the officers seeking to obtain it. *United States v. Bell, D. C. D. C.* 1955, 17 *F. R. D.* 13, 14. In close cases such as the present one the very fact that the Commissioner found probable cause is itself a substantial factor tending to uphold the validity of the warrant he issued. See *Jones v. United States,* 1960, 362 *U. S.* 257, 267, 271, 80 *S. Ct.* 725, 736, 4 *L. Ed.* 2d 697; *Brandon v. United States, D. C. Cir.* 1959, [106 *U. S. App. D. C.* 118], 270 *F.* 2d 311, 316; *Batten v. United States,* 5 *Cir.* 1951, 188 *F.* 2d 75, 77; *Gracie v. United States,* 1 *Cir.,* 1926, 15 *F.* 2d 644, 646, *certiorari* denied 273 *U. S.* 748, 47 *S. Ct.* 449, 71 *L. Ed.* 872. We conclude that Ioanides' affidavit was sufficient to preclude a judicial holding that the Commissioner abused his discretion in issuing the warrant based upon it." 279 *F.* 2d, at p. 716.

The wholesome appellate approach in *Ramirez* vindicates the constitutional requirement without the entanglement of technicalities and furnishes support for the determination below. The investigator for the State Police had more than reasonable grounds for seeking the search warrant and the county judge made the required independent judicial finding that probable cause for its issuance existed. That finding had sufficient legal support in the affidavit as he fairly construed it. Even if we view the matter as a close one, we are not called on here to vacate the warrant and suppress the resultant evidence. See *United States v. Ramirez, supra.*

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.