[No. 3714-1.  Division One.  April 19, 1976.]

THE STATE OF WASHINGTON, *Appellant*, v. NATHAN EDWARD JANSEN, ET AL, *Respondents*.

*Robert E. Schillberg, Prosecuting Attorney*, and *Thomas J. Wynne, Deputy*, for appellant.

*Peter G. Rothschild* of *Snohomish County Public Defender, Cogdill & Deno, Kent Millikan* (appointed counsel for appeal), and *Donald Carter*, for respondents.

JAMES, J.—The State has appealed from the trial judge's order granting defendants' motion to suppress evidence obtained as the result of a search warrant and his subsequent order dismissing charges against defendants for possession

of a controlled substance (marijuana) in violation of RCW 69.50.401 (c).[1] We reverse and remand.

In obtaining the search warrant, a police officer presented his sworn affidavit to a magistrate in which he stated:

On 12-20-74, affiant was contacted by an informant who stated that within the last three days, informant was at the residence of 3206 Lombard Apartment "C", and while informant was at that residence, informant did observe a large quantity of controlled substance, to-wit: marijuana.

With this information affiant set up a controlled buy. In doing so, informant did go into the residence and did purchase a quantity of this controlled substance.

After the purchase was made,. informant did turn over the controlled substance which was field tested for marijuana with positive results.

Informant further states, that the quantity of the controlled substance present is much more than the occupants of the residence could use in the next few days.

Due to the quantity of the controlled substance, the information received from the informant, and the timeliness of the information received, affiant does believe that controlled substances will be found at the residence.

The defendants persuaded the trial judge that the affidavit did not meet the second "prong" of the "2-pronged" *Aguilar-Spinelli* test. *Aguilar v. Texas*, 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964); *Spinelli v. United States*, 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969). Defendants' argument on appeal is summarized by the statement:

In short, there are no underlying facts and circumstances in the affidavit upon which a magistrate, or a

---

[1]The State had no right to appeal from the order granting the motion to suppress. *State v. Rook*, 9 Wn. App. 826, 515 P.2d 830 (1973). The subsequent order dismissing the charges, however, was appealable since on its face it clearly abated, determined, or discontinued the cause against defendants otherwise than by a verdict or judgment of not guilty within the meaning of CAROA 14(8) (5). *State v. Campbell*, 85 Wn.2d 199, 532 P.2d 618 (1975).

reviewing court, could independently assess the credibility of the informant.

At trial, the defendants similarly argued:

> The problem in this case is that there is nothing in this affidavit which would reasonably support a conclusion that the informant was reliable. There is really nothing stated about the informant other than he is an informant.

■ Defendants correctly contend that where an affidavit presented to obtain a search warrant relies upon an informant's tip, the second "prong" of the *Aguilar-Spinelli* test requires that probable cause to believe such informant's tip be determined on the basis of evidence of the informant's reliability. *State v. Pate*, 12 Wn. App. 237, 529 P.2d 875 (1974); *State v. Chatmon*, 9 Wn. App. 741, 515 P.2d 530 (1973).[2] Defendants assert that the affidavit here fails to meet the test.

The State, however, argues that the reliability of its informant would have been established had the trial judge taken judicial notice of the commonly understood meaning of the term "controlled buy" as used by police officers in drug investigations and here used in the affidavit. The State offered to call the magistrate and the officer to prove that the term had a commonly understood meaning. The trial judge concluded, however, that he could not permit such testimony. We disagree.

■■ While there is authority that the courts cannot go beyond the four corners of the affidavit, *United States v. Damitz*, 495 F.2d 50 (9th Cir. 1974), Washington follows the rule which permits inquiry into the sworn, recorded, or summarized testimony, if any, upon which the issuing magistrate relied.

JCrR 2.10(c) and CrR 2.3(c) identically provide that a search warrant

> shall issue only on an affidavit or affidavits establishing the grounds for issuing the warrant. Such affidavit or affidavits may consist of an officer's sworn telephonic

---

[2]The first "prong," not here challenged, requires a recitation of underlying facts on which the informant based his tip so that the officer has a sufficient basis for concluding that the tip is reliable. *State v. Pate*, 12 Wn. App. 237, 529 P.2d 875 (1974).

statement to the judge; provided, however, such sworn telephonic testimony must be electronically recorded by the judge on a recording device in the custody of the judge at the time transmitted and the recording shall be retained in the court records and reduced to writing as soon as possible thereafter. If the judge finds that probable cause for the issuance of a warrant exists, he shall issue a warrant or direct an individual whom he authorizes for such purpose to affix his signature to a warrant identifying the property and naming or describing the person, place or thing to be searched. The finding of probable cause shall be based on evidence, which may be hearsay in whole or in part provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is factual basis for the information furnished. Before ruling on a request for a warrant the court may require the affiant to appear personally and may examine under oath the affiant and any witnesses he may produce. The judge shall record a summary of any additional evidence on which he relies. The warrant shall be directed to any peace officer. It shall command the officer to search, within a specified period of time not to exceed 10 days, the person, place, or thing named for the property specified. It shall designate a magistrate to whom it shall be returned. The warrant may be served at any time.

An inquiry beyond the affidavit or affidavits permits making use of matters within the field of judicial notice and includes a consideration of the experience and special knowledge of the magistrate and of the police officers who applied for the search warrant. *Cf. Dean v. State*, 205 Md. 274, 107 A.2d 88, 48 A.L.R.2d 1096 (1954).

We conclude that the trial judge should have permitted the State to make its offer of proof that "controlled buy" is a term of art understood by both the magistrate and the officer and that, in the context of the affidavit, convincingly demonstrated the reliability of the informant.

Reversed and remanded.

WILLIAMS, C.J., and CALLOW, J., concur.

Petition for rehearing denied July 29, 1976.

Review denied by Supreme Court December 21, 1976.