IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30706-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE MARTINEZ, II, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J.—Jose Martinez II appeals his convictions for possession of cocaine with intent to deliver and complicity to deliver cocaine, belatedly arguing that the search warrant for his house lacked probable cause. Because he filed this motion, which may have merit, but did not argue it to the trial court, we remand to the trial court to consider the motion to suppress.

## FACTS

This case has a somewhat long procedural history that our ruling will extend still further. Mr. Martinez was charged with three drug offenses after he was determined, through use of controlled buys, to be the supplier of cocaine to a dealer who sold to a

police informant. His counsel filed a motion to suppress, challenging the sufficiency of the search warrant.

The motion was never heard, however, because he entered into an agreement and pleaded guilty in December 2008. He was sentenced to 20 months in prison. Three years later he filed a motion to withdraw his guilty plea based on inadequate legal advice concerning the immigration consequences of his guilty plea. The motion was denied, but this court reversed and remanded the case for trial. *See State v. Martinez*, 161 Wn. App. 436, 253 P.3d 445 (2011).

The motion to suppress was not renewed and was never heard. A jury convicted Mr. Martinez on two of the three counts, and also found school bus stop enhancements on both counts. The court sentenced Mr. Martinez to a total of 68 months including enhancements. He again appealed to this court.

## ANALYSIS

This appeal primarily focuses on a claim of ineffective assistance because his second counsel did not argue the suppression motion filed by his original counsel. He also argues that the evidence is insufficient to support the convictions and that the trial court erred in excluding evidence that another person may have committed the crimes. We will address the three claims in that order.

*Suppression Hearing*

Mr. Martinez argues that his new counsel provided ineffective assistance by not arguing the previously prepared suppression motion. We do not decide his argument, but instead remand for trial court consideration.

Well settled standards govern review of ineffective assistance of counsel claims. An attorney must perform to the standards of the profession; failure to live up to those standards will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts apply a two-prong test: whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id.* at 690-92. When a claim can be disposed of on one ground, a reviewing court need not consider both *Strickland* prongs. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726, *review denied*, 162 Wn.2d 1007 (2007).

As a general rule, Washington appellate courts will not consider an argument that was not first presented to the trial court. RAP 2.5(a). One exception to that rule is a "manifest error affecting a constitutional right." RAP 2.5(a)(3). However, an alleged

error is not manifest if there are insufficient facts in the record to evaluate the contention. *McFarland*, 127 Wn.2d at 333.

When pursuing an ineffective assistance argument on the basis of a failure to seek suppression, the defendant must establish that a motion to suppress likely would have been granted. *Id.* at 333-34. That standard often cannot be met when the record lacks a factual basis for determining the merits of the claim. *Id.* at 337-38. This case, however, is in an unusual posture. The facts are unsettled and the parties have not had the opportunity to make their respective records, but the search warrant affidavit at issue is in the record. As warrant claims typically revolve around legal issues instead of factual ones, this court is arguably in the same position as the trial court to rule on the adequacy of the affidavit.

However, this case does present an unusual factual twist. The affidavit indicates that the police used the informant to make controlled buys from a seller who they watched contact Mr. Martinez before returning to make the delivery to the informant. A properly conducted controlled buy makes an informant a credible source of information. *E.g., State v. Casto*, 39 Wn. App. 229, 234-35, 692 P.2d 890 (1984). The warrant does not describe how the controlled buys were conducted. This court has suggested in dicta that a controlled buy must be described in order to provide a basis for assuring the informant's reliability. *See State v. Taylor*, 74 Wn. App. 111, 122, 872 P.2d 53 (1994).

4

A contrary result was reached in an earlier case, *State v. Jansen*, 15 Wn. App. 348, 549 P.2d 32, *review denied*, 87 Wn.2d 1015 (1976). There, as here, the affidavit had used the words "controlled buy" without explaining the process. The prosecutor offered to call the magistrate to testify at the suppression hearing to explain the commonly understood meaning of the term "controlled buy." *Id.* at 350. The trial court denied the request and suppressed the evidence; the prosecution appealed. *Id.* at 348-49. This court reversed, reasoning that CrR 2.3 permitted the issuing magistrate to take judicial notice of facts based on his experience and special knowledge. *Id.* at 350-51. Under *Jansen*, this case appears to involve an unresolved factual question that first must be answered by the trial court.

In light of this conflicting authority, and given the failure of this issue to be argued below, we remand the case for the court to hold a suppression hearing.[1] If the trial court suppresses any evidence, it should vacate the convictions and either dismiss the charges or set them for trial depending upon its assessment of sufficiency of the remainder of the case. If the motion is denied, an order to that effect should enter. Under either scenario, appropriate findings should be entered in accordance with CrR 3.6.

We remand for a suppression hearing.

---

[1] In the event another plea agreement is reached prior to hearing, the suppression motion should be withdrawn and a clear waiver of the right to raise the issue made on the record.

*Other Suspect Evidence*

Mr. Martinez also argues that the trial court erred in excluding his effort to show that his relative, Jamie Barajas Martinez, was the person dealing cocaine from the Martinez residence. Since he did not establish the foundation for admitting this evidence, the trial court correctly excluded it.

We have explained the foundation necessary to present evidence that another suspect actually committed the crime in question:

> A criminal defendant has a constitutional right to present evidence in his own defense. *Washington v. Texas*, 388 U.S. 14, 19, 18 L. Ed. 2d 1019, 87 S. Ct. 1920 (1967); *State v. Thomas*, 150 Wn.2d 821, 857, 83 P.3d 970 (2004); *State v. Maupin*, 128 Wn.2d 918, 924, 913 P.2d 808 (1996). There is, however, no right to present irrelevant or inadmissible evidence. *State v. Hudlow*, 99 Wn.2d 1, 15, 659 P.2d 514 (1983).
> Washington permits a criminal defendant to present evidence that another person committed the crime when he can establish "a train of facts or circumstances as tend clearly to point out some one besides the prisoner as the guilty party." *State v. Downs*, 168 Wash. 664, 667, 13 P.2d 1 (1932) (quoting, *Greenfield v. People*, 85 N.Y. 75, 89 (1881)); *State v. Rehak*, 67 Wn. App. 157, 162, 834 P.2d 651 (1992), *cert. denied*, 508 U.S. 953 (1993). The United States Supreme Court recently has approved this standard for admitting "third party guilt" evidence. *Holmes v. South Carolina*, 547 U.S. 319, 327, 164 L. Ed. 2d 503, 126 S. Ct. 1727 (2006). When the State's case is entirely circumstantial, the *Downs* rule is relaxed to an extent to allow a reply in kind: the "defendant may neutralize or overcome such evidence by presenting sufficient evidence of the same character tending to identify some other person as the perpetrator of the crime." *State v. Clark*, 78 Wn. App. 471, 479, 898 P.2d 854 (citing *Leonard v. Territory of Wash.*, 2 Wash. Terr. 381, 396, 7 P. 872 (1885)), *review denied*, 128 Wn.2d 1004 (1995). As the proponent of the evidence, the defendant bears the burden of establishing relevance and materiality. *State v. Pacheco*, 107 Wn.2d 59, 67, 726 P.2d 981 (1986).

6

*State v. Hilton*, 164 Wn. App. 81, 98-99, 261 P.3d 683 (2011), *review denied*, 173 Wn.2d 1037 (2012) (footnotes omitted).

We review a trial court's ruling on this issue for abuse of discretion. *State v. Hawkins*, 157 Wn. App. 739, 750, 238 P.3d 1226 (2010). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The trial court certainly had tenable grounds to conclude that there was insufficient foundation to admit evidence concerning Mr. Barajas Martinez. Mr. Martinez wanted to testify that his relative had an outstanding arrest warrant for selling marijuana and that he had access to the house where the cocaine was found. However, the evidence in the record also showed that Mr. Barajas Martinez had left the area and returned to Mexico in December 2007, four months before the charges arose in this case. There was no evidence putting him in Walla Walla at the time of the crimes and no evidence tying him to the cocaine, let alone showing that he delivered it to the person who sold it to the informant. Absent that evidence, there was no basis for permitting the defense to argue that Mr. Barajas Martinez was responsible for the crimes.

The trial court correctly concluded there was no foundation to permit the other suspects evidence or argument.

*Sufficiency of the Evidence*

Mr. Morales also argues that the evidence was insufficient to support either conviction or the bus stop enhancements. This argument is without merit.

Very well-settled standards govern review of evidentiary sufficiency challenges. We review such challenges to see if there was evidence from which the trier of fact could find each element of the offense proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Id.*

Viewed most favorably to the prosecution, the evidence easily supported the convictions. Two witnesses testified that the Martinez house was located within 1,000 feet of a school bus stop. That evidence established the enhancements. Similarly, the possession with intent was also clearly established. Mr. Martinez owned the house where the kilo of cocaine was found; a kitchen scale also had white powder residue on it. The buy money was found in his wallet, and a police sergeant identified Mr. Martinez as the person who delivered narcotics to the seller.

The complicity conviction requires somewhat more detailed discussion. The cocaine delivered to the informant was field tested, but was never sent to the laboratory for analysis due to Mr. Martinez's guilty plea. Although the field test was admitted into evidence, such a test is not sufficient to support a drug conviction. *State v. Roche*, 114

8

Wn. App. 424, 59 P.3d 682 (2002). A chemical test is not required. *State v. Colquitt*, 133 Wn. App. 789, 796, 137 P.3d 892 (2006). Instead, circumstantial evidence can establish the identity of a drug. *State v. Hernandez*, 85 Wn. App. 672, 675, 935 P.2d 623 (1997).

Our case law has identified various factors that provide circumstantial support for the identity of the controlled substance, such as evidence "which officers provided detailed testimony about such things as: (1) their expertise in identifying drugs and drug-sale behaviors, (2) standard drug prices, (3) their observations of behavior consistent with drug sales, (4) the drug-using behavior of the persons contacting defendants, (5) the known drug areas in which the defendants were observed, (6) discovery of materials on the defendants consistent with those they saw defendants deliver, and (7) discovery of money in amounts consistent with drug sales." *Colquitt*, 133 Wn. App. at 797 (citing *Hernandez*, 85 Wn. App. at 678-82).

These factors show that there was sufficient evidence to support the conviction for complicity. As was the case in *Hernandez*, officers provided detailed testimony about such things as: (1) "their expertise in identifying drugs and drug-sale behaviors"—Sergeant Bolster testified that he had been a narcotics officer for over 17 years, taken an 80 hour class put on by the Drug Enforcement Agency, and had worked undercover himself and indicated that the majority of the work the officers do are controlled buys; (2) "standard drug prices"—Sergeant Bolster said that an 8-ball of cocaine is typically $150,

the controlled buy on April 17 was for an 8-ball, officers gave the informant $150 and the informant returned with an 8-ball; (3) "their observations of behavior consistent with drug sales"—Sergeant Bolster testified that officer found electronic scales in Mr. Martinez's home which tested presumptively positive for cocaine and such scales are consistent with measuring out quantities of cocaine, and that typically, the corner of plastic baggies are cut off to package cocaine, and also that officers found baggies in Mr. Martinez's home that were consistent with this packaging method; (4) "the drug-using behavior of the persons contacting defendants"—the informant in this case knew the intermediaries because he had met them in the past when he was involved with drugs; (5) "the known drug areas in which the defendants were observed,"—this was not discussed; (6) "discovery of materials on the defendants consistent with those they saw defendants deliver"—Sergeant Bolster testified that the 8-ball seized from Mr. Martinez's house looked like the one collected from the informant at the controlled buy on April 17, and also that the money found in Mr. Martinez's wallet during the search of his home contained the $100 bill that was given to the informant to purchase the 8-ball on April 17; (7) "discovery of money in amounts consistent with drug sales"—Officers found $1,494 in cash in a wallet and $3,300 in cash in a coat pocket both located in Mr. Martinez's house.

No. 30706-9-III
*State v. Martinez*

This circumstantial evidence adequately supported the field test establishing that the substance sold was cocaine. Accordingly, the evidence did support the jury's determination.

The convictions are affirmed, but the case is remanded for hearing. The trial court shall enter findings and decide the status of the case depending upon the outcome of the suppression hearing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____        _____
Siddoway, J.                            Fearing, J.

11