FILED
SEPTEMBER 1, 2015
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32406-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE MARTINEZ II, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — The remaining issue in this third appeal of this case is whether the trial court erred in denying Jose Martinez's motion to suppress. We affirm.

FACTS

The operative facts of this case are largely procedural. Mr. Martinez was charged in 2008 with three counts of possession of cocaine with intent to deliver and accompanying school bus stop enhancements. The charges followed a series of controlled buys by an informant that led to the issuance of a search warrant. Defense counsel filed a motion to suppress the evidence, alleging that the search warrant was inadequate because it merely used the words "controlled buy" without adequately describing the process. The motion, however, was never heard because a plea agreement

was reached. Mr. Martinez pleaded guilty to one count (without an enhancement) and was sentenced to 20 months of confinement.

The following year he moved to withdraw his guilty plea on the basis that his counsel failed to provide adequate information concerning the immigration consequences of his guilty plea. This court granted him relief after determining that his trial counsel failed to provide effective assistance. *State v. Martinez*, 161 Wn. App. 436, 253 P.3d 445 (2011).

Represented by new counsel, Mr. Martinez stood trial on the original charges. New counsel did not renew the original motion to suppress. A jury found Mr. Martinez guilty on two counts and also found both enhancements proven. He was sentenced to 68 months in prison. He appealed again to this court.

In the second appeal, he argued that his most recent trial counsel had performed ineffectively by not renewing the challenge to the search warrant.[1] Because the record was insufficient to adjudge the ineffective assistance claim, this court remanded for a suppression hearing in accordance with the decision in *State v. Jansen*, 15 Wn. App. 348, 549 P.2d 32, *review denied*, 87 Wn.2d 1015 (1976).[2] *See State v. Martinez*, noted at 178

---

[1] He also raised several other arguments that we concluded were without merit.

[2] We discuss *Jansen* more fully later in this opinion.

2

Wn. App. 1031 (2013) (*Martinez* II). Mr. Martinez did not seek review of our decision. The case was mandated back to the Walla Walla Superior Court.

At the suppression hearing, the trial court considered the testimony of both the detective who prepared the search warrant affidavit and the magistrate who issued the search warrant. Both testified that they understood the term "controlled buy" to mean a situation in which an informant agrees to purchase drugs at a particular location, is searched for the presence of controlled substances, is given money with which to purchase a controlled substance, is observed by law enforcement enter into the company of the suspect, and is searched again upon the informant's return with the purchased substance. Clerk's Papers (CP) at 161-162. The trial judge found this testimony credible and concluded that the officer used the phrase as a "term of art" and that the issuing magistrate likewise understood it in the same manner. The motion to suppress was denied. CP at 163.

Mr. Martinez again appealed to this court.

## ANALYSIS

The sole issue in this appeal is whether the trial court correctly denied the motion to suppress. We agree with the trial court that the search warrant established probable cause to search Mr. Martinez's residence.

Probable cause to issue a warrant is established if the supporting affidavit sets forth "facts sufficient for a reasonable person to conclude the defendant probably is involved in

criminal activity." *State v. Huft*, 106 Wn.2d 206, 209, 720 P.2d 838 (1986). The affidavit must be tested in a commonsense fashion rather than hypertechnically; doubts are resolved in favor of the warrant. *State v. Partin*, 88 Wn.2d 899, 904, 567 P.2d 1136 (1977). The existence of probable cause is a legal question which a reviewing court considers *de novo*. *State v. Chamberlin*, 161 Wn.2d 30, 40, 162 P.3d 389 (2007). Despite the fact that *de novo* review applies to questions of law rather than discretionary decisions, "[g]reat deference is accorded the issuing magistrate's determination of probable cause." *State v. Cord*, 103 Wn.2d 361, 366, 693 P.2d 81 (1985). Even if the propriety of issuing the warrant were debatable, the deference due the magistrate's decision would tip the balance in favor of upholding the warrant. *State v. Jackson*, 102 Wn.2d 432, 446, 688 P.2d 136 (1984). In light of the deference owed the magistrate's decision, the proper question on review is whether the magistrate *could* draw the connection, not whether he *should* do so.

Washington continues to apply the former *Aguilar/Spinelli*[3] standards to assess the adequacy of a search warrant affidavit. *Jackson*, 102 Wn.2d at 446.[4] As applied in Washington, probable cause based on an informant's information requires that an affidavit establish both the informant's reliability and basis of knowledge. *Id*. at 443. Where one or

---

[3] *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969).

[4] Federal courts now apply a totality of the circumstances test in evaluating the sufficiency of a search warrant. *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983).

both of those factors is weak, independent police investigation can supply corroboration. *Id.* at 445.

Police frequently use informants to make purchases of controlled substances. A properly conducted controlled buy makes an informant a credible source of information. *E.g., State v. Casto*, 39 Wn. App. 229, 234-235, 692 P.2d 890 (1984). The reason was explained:

> In a "controlled buy," an informant claiming to know that drugs are for sale at a particular place is given marked money, searched for drugs, and observed while sent into the specified location. If the informant "goes in empty and comes out full," his assertion that drugs were available is proven, and his reliability confirmed. Properly executed, a controlled buy can thus provide the facts and circumstances necessary to satisfy *both* prongs of the test for probable cause.

*Id.*

This court has suggested that a controlled buy must be described in order to provide a basis for assuring the informant's reliability. *State v. Taylor*, 74 Wn. App. 111, 122, 872 P.2d 53 (1994). In our *Martinez* II opinion, we recognized that this aspect of *Taylor* was dicta. *See Martinez* II at *2. Our opinion also discussed *Jansen. Id.*

*Jansen* presented a factually similar problem to that presented in *Martinez* II. There, as in this case, the search warrant affidavit discussed the use of a "controlled buy" without describing how the controlled buy was conducted. 15 Wn. App. at 349. The prosecutor sought to call the magistrate who issued the warrant to testify at the suppression hearing that he knew the words "controlled buy" were a term of art and also

5

argued that the trial judge should have taken judicial notice of the meaning. *Id.* at 350. Division One of this court remanded the case for the State to offer proof that the detective and the magistrate both considered the phrase a term of art. *Id.* at 351.

Under the circumstances[5] of this case, we followed *Jansen* in the previous appeal and remanded for a suppression hearing. Mr. Martinez's primary argument here is that this court erred in following *Jansen.* His argument that we should not have remanded for hearing fails under the law of the case doctrine. *Folsom v. County of Spokane*, 111 Wn.2d 256, 263-265, 759 P.2d 1196 (1988). He did not seek further review of *Martinez* II and, instead, accepted the benefit of the suppression hearing. Absent a showing that our previous decision was clearly erroneous and harmful, that decision stands. *Id.* at 264.

His more significant claim in this regard is that *Jansen* was wrongly decided because Washington courts are limited to the four corners of the search warrant affidavit. *See State v. Neth*, 165 Wn.2d 177, 182, 196 P.3d 658 (2008).[6] This argument is actually

---

[5] Critical to the previous appeal was the fact that the unnoted motion had never been heard, leaving the State no opportunity to provide its evidence. An entirely different situation would have been presented if a hearing had been held and the State had neglected to present evidence. Then the State would have been limited to the record made below, although it would still have been free to argue that "controlled buy" is a term of art.

[6] *Neth* is the first Washington Supreme Court case to state that principle, but it did so as part of its recitation of search warrant review standards. The issue was not before the court in *Neth*.

a challenge to a portion of CrR 2.3, the rule governing search warrants. In part, that rule permits a judge to take—and make a record of—evidence that it is outside the search warrant affidavit in support of its probable cause determination. Mr. Martinez's argument misses the mark because the trial court was not asked to consider evidence outside the four corners of the affidavit. Instead, it was asked to determine the meaning of evidence found in the affidavit—the meaning of "controlled buy." Under *Jansen*, the State was permitted to put forth evidence of the magistrate's understanding of the phrase that he had considered as part of his determination of probable cause. Extrinsic evidence is permitted to explain the meaning of terms of a contract. *Berg v. Hudesman*, 115 Wn.2d 657, 801 P.2d 222 (1990). *Jansen*, well ahead of *Berg*, essentially applied the same principle to search warrant affidavits.

For both reasons, we conclude that the trial court did not err in considering evidence of the meaning attributed to the words "controlled buy" by both the issuing magistrate and the detective who prepared the affidavit in support of the search warrant. This court directed the trial court to follow *Jansen* and Washington law does not conflict with that decision. Accordingly, both of Mr. Martinez's challenges to the suppression hearing procedure fail.

His remaining challenge is a contention that the search warrant affidavit did not establish probable cause because it did not establish that the informant was credible.[7] We disagree. First, the fact that the informant successfully set up the controlled buys established both his veracity and the reliability of his information. *Casto*, 39 Wn. App. at 234-235. Second, most of the informant's information was corroborated by the officers conducting surveillance of the controlled buys. Although much of that corroboration enhanced the informant's reliability, it secondarily supported his credibility.

The affidavit describes three controlled buys connected to the defendant's residence.[8] On the first occasion, the middleman went into the alley behind Mr. Martinez's house and came back soon thereafter with cocaine. On the other two occasions, the middleman went into Mr. Martinez's house and returned to the informant with cocaine. Although the description of these three incidents could have been more detailed, it was sufficient for the magistrate to find probable cause to believe cocaine was being delivered from the Martinez residence. Three deliveries of cocaine were made to the informant, under police surveillance, by a man who twice entered the residence and

---

[7] To the extent that Mr. Martinez argues that probable cause to search his house was lacking because the middleman actually transferred the drugs outside of his residence, his argument fails under a very factually similar case, *State v. Mejia*, 111 Wn.2d 892, 901, 766 P.2d 454 (1989).

[8] Only one of the counts filed against Mr. Martinez involved an incident described in the search warrant. The other delivery count was not connected to the house and the remaining count involved the cocaine found when the warrant was served.

No. 32406-1-III
*State v. Martinez*

once went to the back alley of the residence before returning to the informant with cocaine. A reasonable person could conclude that cocaine was being sold from the residence.

Probable cause existed to issue the search warrant. The magistrate did not err by approving the warrant. The trial court correctly denied the motion to suppress.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, J.

Siddoway, C.J.

9